(C.D. 3537)

J. E. BERNARD & Co., INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided August 19, 1968)

*Schwartz & Lidstrom* for the plaintiff.
*Edwin L. Weisl, Jr.,* Assistant Attorney General, for the defendant.

Before WATSON and MALETZ, Judges

WATSON, Judge: These suits have been submitted for decision upon the following agreement between counsel for the respective parties:

1. The articles marked "A" and initialed MC Import Specialist's Initials by Melvin W. Carroll Import Specialist's Name on the invoices covered by the protests enumerated in Schedule A, attached hereto and made a part hereof, and assessed with duty at 40% ad val. under item 706.24, Tariff Schedules of the United States (TSUS), consist of luggage (other than flat goods) which are provided for in said item 706.24; and that the textile material of chief value in said articles is rayon woven fabric laminated with rubber.

2. Said articles were imported before September 1, 1964.

3. Said articles were entered for consumption after August 30, 1963 and before December 7, 1965, which was the 60th day after the date of enactment of Public Law 89-241, the Tariff Schedules Technical Amendments Act of 1965.

4. Within 120 days after enactment of said Public Law 89-241 a request was filed with the Collector of Customs concerned for reliquidation of the entry at 20% ad val. under item 706.60, TSUS by virtue of Section 89 of said Public Law 89-241.

5. That the record previously made herein may be expunged.

6. These protests are submitted on this stipulation and are limited to the articles marked "A" as aforesaid.

Accepting this stipulation as a statement of fact, we hold the merchandise marked with the letter "A" and initialed M. C. by Melvin W. Carroll, Import Specialist, on the invoices accompanying the entries covered by the involved protests, properly dutiable under item 706.60 of the Tariff Schedules of the United States at the rate of 20 per centum ad valorem as luggage "other" than flat goods, as claimed.

To the extent indicated, the protests are sustained. In all other respects and as to all other claims, the protests are overruled.

Judgment will issue accordingly.